OPPENHEIMER, RECURRENTE, v. EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Guayama denegando la cancelación de un
crédito hipotecario.

No. 256.—Resuelto en enero 20, 1916.

CANCELACIÓN DE HIPOTECA — CRÉDITO SATISFECHO AL ACREEDOR ANTES DE SU
MUERTE—MENORES INTERESADOS—CORTE COMPETENTE.—La cancelación en el
registro de la propiedad de un crédito hipotecario sobre bienes de un deudor,
que se alega satisfecho al acreedor quien falleció sin otorgar la debida escri-
tura, cuando hay menores interesados, envuelve un acto de enajenación, y
sólo es competente para autorizar tal cancelación la corte de distrito del
lugar donde los bienes radiquen, de acuerdo con la ley No. 33 de 8 de marzo
de 1911.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Manuel A. Rivera.*

El registrador recurrido Sr. Rafael Tirado Verrier, com-
pareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En vida de Don Teodoro Santiago y Rivera era dueño éste de una hipoteca constituída a su favor en garantía de una deuda de $2,452. La suma de dicho crédito le fué satisfecha por los deudores, pero el acreedor falleció sin otorgar la debida escritura de cancelación. Sus bienes quedaron bajo administración y fueron distribuídos, pero alega la recurrente que por un error involuntario en la escritura de partición se olvidó hacer mención del hecho de haber sido satisfecha dicha hipoteca. Ponce era el lugar del último domicilio del referido Santiago, habiendo acudido la recurrente a la Corte de Distrito de Ponce en solicitud de autorización para otorgar la escritura de cancelación a su nombre y en el de su hija, herederas ambas de dicho Santiago. Fué concedido el permiso y se otorgó la escritura que fué presentada al Registrador de la Propiedad de Guayama quien se negó a verificar la inscripción porque la corte competente para autorizar la cancelación no era la Corte de Distrito de Ponce sino la de Distrito de Guayama donde estaban situados los bienes.

Los apelantes han presentado argumentos para demostrar que el acto para el cual solicitan permiso es simplemente un puro formulismo, y que si las partes hubieran reconocido los derechos del comprador en una escritura de partición otorgada después del fallecimiento de su causante, hubiera sido suficiente ese reconocimiento con la aprobación de la corte. Sin entrar a discutir los méritos de esta alegación podemos decir que lo que los apelantes solicitan envuelve una enajenación de bienes de menores y, por tanto, convenimos con el registrador en que la ley aplicable al caso es la No. 33 aprobada en marzo 8, 1911, la cual prescribe que:

"El ejercicio de la patria potestad no autoriza al padre ni la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dólares, pertenecientes al hijo, y que están bajo la administración de aquéllos, sin previa autorización de la corte de distrito en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de

acuerdo con lo dispuesto en los artículos 80, 81 y 82 de la ley referente a procedimientos legales especiales.''

Debe confirmarse la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.